First National Bank of Gentry *v.* McMichael.

4-3790

Opinion delivered March 25, 1935.

648

*A. L. Smith,* for appellant.

*John W. Nance,* for appellee.

HUMPHREYS, J. This suit was brought by appellant against appellee in the circuit court of Benton County to recover the balance due on a note given to it for borrowed money, which note was dated May 31, 1930, and signed "Jackson Motor Company" by Craig Jackson. It was alleged in the complaint that appellee was a member of the firm of Jackson Motor Company at the time the money was borrowed and the note was executed.

Appellee filed an answer, denying that he was either a member of the firm of Jackson Motor Company or had ever had any interest in the partnership.

This issue was submitted to the jury upon conflicting evidence, resulting in a verdict and judgment in favor of appellee, from which is this appeal.

At the inception of the trial, appellant filed a motion to require appellee to restore an amended answer which they stated had been withdrawn from the files just before the trial was commenced. The court overruled this motion, stating that appellee had the right to withdraw his own pleading, to which ruling appellant objected and excepted. Appellant, in his motion for a new trial, set out that the amended answer had been filed, and contained an admission that appellee was a member of the firm of Jackson Motor Company, and contends that it was error for the court to refuse to require appellant to place it back in the files. There is no proof in the record showing that appellee filed an amended answer, nor, if so, what it contained; so it is impossible to say whether the court erred in refusing to require appellee to restore same to the files.

Appellant also contends for a reversal of the judgment on the ground that instruction No. 3, given at the request of appellee, was erroneous. The instruction is as follows:

"3. The note sued on not being signed by the defendant, and the defendant having denied that he was a partner of the firm of Jackson Motor Company, the burden is on the plaintiff to show that the defendant was a partner in the firm of Jackson Motor Company at the time of the execution of the note sued on."

Appellant argues that the instruction was inherently erroneous because the law is that a member of a firm cannot retire from it and escape liability without first giving those dealing with the partnership notice of his retirement in some way. This instruction was formulated and given on the theory that appellee was not a member of the firm. Appellant alleged that appellee was and had been a member of the firm, and appellee denied that he had ever been a member thereof. On that issue of fact, it was a correct declaration of law. The burden was upon appellant to prove this allegation as stated in the instruction.

As a circumstance tending to show that appellee was a partner in the Jackson Motor Company, appellant offered to introduce a complaint filed on January 21, 1931, in the chancery court of Benton County, wherein Fred S. Wetzel, receiver of the Benton County National Bank, was plaintiff and Jackson Motor Company, a partnership composed of Craig Jackson and Morgan McMichael, was defendant. The court excluded this evidence over the objection and exception of appellant. It does not appear from the record that the summons was served upon Morgan McMichael in the case, nor that he entered his appearance therein. Neither does it appear that there was any adjudication in the proceeding by the court, finding and holding that Morgan McMichael was a member of the partnership of Jackson Motor Company.

For the same purpose, appellant offered to introduce orders made by the chancery court in said receivership proceeding relative to the sale and disposition of the assets of the Jackson Motor Company, about which he was

consulted. The court excluded the orders. It does not appear that Morgan McMichael had any interest, either as creditor or debtor, in the assets involved in the receivership proceeding or the orders relative to the disposition thereof.

Appellant contends the court erred in excluding the complaint and orders, but the majority of the court are of the opinion that the court properly excluded them because Morgan McMichael, not being a party thereto, was not in anywise bound by them. Chief Justice JOHNSON and the writer do not agree with the majority view in this respect, being of the opinion that the complaint and orders were admissible as circumstances tending to show the existence of the alleged partnership.

Appellant requested and was refused instruction No. 3, as follows: "3. When one holds himself out as a co-partner, those who deal on the faith of such representation are entitled to act on the presumption that the relationship continues until notice of some kind is given of its discontinuance."

According to the undisputed evidence, Morgan McMichael's name did not appear as a member of the firm of Jackson Motor Company, or that he took an active hand in the management of the business, or that he held himself out as a member thereof. A majority of the court are also of the opinion that, according to the undisputed testimony, appellant did not lend the money to the Jackson Motor Company on the faith of appellee's membership in said firm, and for that reason that appellee was under no obligation to notify it that he was not a member of said firm in order to escape liability, and that the trial court did not err in refusing to submit that question to the jury.

The Chief Justice and the writer do not so interpret the testimony, and are of the opinion that appellant's requested instruction No. 3 should have been granted and given by the court.

No error appearing, the judgment is affirmed.